UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARK ROBBINS,

                                        Plaintiff,

                -against-

CITY OF NEW YORK, SID CAESAR, Individually,
MATTHEW GRIFFIN, Individually, UNDERCOVER POLICE
OFFICER 91, Individually, UNDERCOVER POLICE OFFICER
206, Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 0371 (TPG)

Jury Trial Demanded

        Plaintiff MARK ROBBINS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### **Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARK ROBBINS is a fifty-three year old African-American man who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, SID CAESAR, MATTHEW GRIFFIN, UNDERCOVER OFFICER 91, UNDERCOVER OFFICER 206, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On April 28, 2012, at approximately 4:00 a.m., plaintiff was a lawful pedestrian in the vicinity of the corner of 112th Street and 8th Avenue, New York, New York, when defendant NYPD police officers including, but not limited to, SID CAESAR, MATTHEW GRIFFIN, UNDERCOVER OFFICER 91, and UNDERCOVER OFFICER 206 participated in falsely arresting plaintiff.

13.     Thereafter, the defendant officers imprisoned plaintiff until his arraignment on false charges filed under New York County Criminal Court docket no. 2012NY033622; said charges having been filed based on the false and manufactured allegations of the defendants that plaintiff purportedly committed crimes.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, to meet quotas or other performance objectives, for overtime compensation, and/or for other objectives outside the ends of justice.

14.     As a result of the defendants' false and manufactured allegations, bail was set, and plaintiff was consequently imprisoned in a New York City Department of Correction jail.

3

15.     Defendant NYPD police officers conveyed the false and manufactured allegations to the New York County District Attorney's Office, and falsely testified before a New York County Grand Jury. As a result plaintiff was indicted under indictment no. 02439-2012.

16.     As a result of said malicious prosecution, plaintiff was compelled to defend a felony jury trial and remained imprisoned until October 19, 2012, when he was released after a jury in New York County Supreme Court acquitted him of all false charges filed against him.

17.     Defendant MATTHEW GRIFFIN supervised defendants SID CAESAR, UNDERCOVER OFFICER 91, UNDERCOVER OFFICER 206, and JOHN and JANE DOE 1 through 10, and participated in, approved of, oversaw, and signed off on the arrest and prosecution of plaintiff.

18.     Defendants SID CAESAR, MATTHEW GRIFFIN, UNDERCOVER OFFICER 91, UNDERCOVER OFFICER 206, and JOHN and JANE DOE 1 through 10 participated in the false arrest of plaintiff, or were present and/or aware that probable cause to arrest and prosecute plaintiff was lacking, yet failed to intervene despite a reasonable opportunity to do so.

19.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and pursuant to a custom and/or practice of falsification.

20.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, engage in a practice of falsely arresting individuals for

professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and that they otherwise engage in a practice of falsification.

21.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

22.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23.    As a result of the foregoing, plaintiff MARK ROBBINS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

24.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.    All of the aforementioned acts deprived plaintiff MARK ROBBINS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

5

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

27.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.    As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Defendants arrested plaintiff MARK ROBBINS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

6

33.     Defendants caused plaintiff MARK ROBBINS to be falsely arrested and unlawfully imprisoned.

34.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants created false evidence against plaintiff MARK ROBBINS.

37.     Defendants utilized this false evidence against plaintiff MARK ROBBINS in legal proceedings.

38.     As a result of defendants' creation and use of false evidence, plaintiff MARK ROBBINS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

39.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARK ROBBINS.

42.     Defendants caused plaintiff MARK ROBBINS to be prosecuted without any probable cause until the charges were dismissed on or about October 19, 2012.

43.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants issued criminal process against plaintiff MARK ROBBINS by causing his arrest and prosecution in New York County Criminal Court.

46.     Defendants caused plaintiff MARK ROBBINS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

47.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARK ROBBINS, whose constitutional rights were being violated in their presence by other officers.

50.     The defendants failed to intervene to prevent the unlawful conduct described herein.

51.     As a result of the foregoing, plaintiff MARK ROBBINS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

52.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

55.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to

9

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause, committing perjury and/or manufacturing evidence in an effort to convict individuals, for overtime compensation, and/or for other collateral objectives, and/or otherwise engaging in a practice of falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff MARK ROBBINS'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

10

indifference to the safety, well-being and constitutional rights of plaintiff MARK ROBBINS.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARK ROBBINS as alleged herein.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARK ROBBINS as alleged herein.

62.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARK ROBBINS was unlawfully arrested, illegally searched, and maliciously prosecuted.

63.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARK ROBBINS'S constitutional rights.

64.     All of the foregoing acts by defendants deprived plaintiff MARK ROBBINS of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from malicious prosecution;

        E.     To be free from deprivation of his right to a fair trial; and

        F.     To be free from malicious abuse of process.

65.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

68.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

70.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARK ROBBINS.

73.     Defendants caused plaintiff MARK ROBBINS to be prosecuted without

12

probable cause until the charges were dismissed on or about October 19, 2012.

74.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARK ROBBINS.

80.     As a result of the aforementioned conduct, plaintiff MARK ROBBINS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

81.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
#### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution and illegal strip search of plaintiff MARK ROBBINS.

84.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85.    As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
#### (Negligent Training and Supervision under the laws of the State of New York)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution and illegal strip search of plaintiff MARK ROBBINS.

88.    As a result of the foregoing, plaintiff MARK ROBBINS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94. As a result of the foregoing, plaintiff MARK ROBBINS is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     As a result of defendants' conduct, plaintiff MARK ROBBINS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

97.     As a result of the foregoing, plaintiff MARK ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARK ROBBINS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        June 2, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff MARK ROBBINS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
        BRETT H. KLEIN (BK4744)

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARK ROBBINS,

                              Plaintiff,

               -against-

CITY OF NEW YORK, GEORGE MORALES, Individually,
CHRISTOPHER MARKS, Individually, STEVEN LICHTIG,
Individually, LAURISMEN LAUREANO, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

               14 CV 0371 (TPG)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100